Name John-Michail Gutierrez
Address 1326 Sapphire Drive
Address Santa Marias CA, 93454
Phone number
Plaintiff in Pro Per

FILED
NOV 20 2023
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LB
CV23-5990

JMCG SYSTEMS INTERNATIONAL LLC
JOHN-MICHAEL GUTIERREZ,
Plaintiff,
vs. STATE OF CALIFORNIA DEPARTMENT OF JUSTICE (CA),
Defendant.

Case No.: ______________

MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV.P.15(a)(2)

Plaintiff respectfully submits this Memorandum of Points and Authorities in Support of plaintiffs motion for leave to amend complaint.

//
//
//
//
//
//
//

## I. INTRODUCTION

The Court should grant Plaintiff's motion for leave to amend complaint because Plaintiff meets the requirements under Fed. R. Civ. P. 15(a)(2) and because Plaintiff is a pro se litigant.

## II. PROCEDURAL HISTORY

Plaintiff filed an original complaint against Defendant(s) on (*date*): ______ 1 / 2023.

☒ Plaintiff filed amended complaint(s) as follows (*write the number of complaints and dates filed*): First amended complaint request with the original complaint on 1 / 2023

☐ Defendant(s) filed responsive pleading(s) on (*write the title of responses and dates filed*): ______

## III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires". Fed. R. Civ. P. 15(a)(2). The district court has the discretion to decide whether to grant Plaintiff leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), *vacated on other grounds,* 459 U.S. 810 (1982). In its exercise of this discretion,

the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, the court interprets the language for granting amendments under Rule 15 with "extreme liberality." *Id.*

**A. Under the Ninth Circuit Standard Plaintiff Should Be Granted Leave to Amend.**

When deciding whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 US 178, 182 (1962)).

The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *Eminence*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id. See also Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing).

The Ninth Circuit has also held that one of the five *Foman* factors alone is not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend

where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

In this case, Plaintiff's amendment will not unduly prejudice Defendant because the plaintiffs civil rights are in direct violation by the defendants due to various factors that will prove the defendants to be guilty through the discovery process and necessity amended complaint requested

Plaintiff did not file the amendment with undue delay. Rather, Plaintiff filed the amendment in the following fashion: by including memorandum of points and authorities in support of motion for leave to amend complaint with the ex parte application to expedite time with a request for an appointment of counsel

Plaintiff does not request leave to amend in bad faith or for dilatory reasons. Rather, Plaintiff requests leave to amend for the following reasons: ____________

Plaintiff's amendment is not futile because ____________

Plaintiff amended the complaint previously under the following circumstances: ____________

### B. Plaintiff Is a Pro Se Litigant and Should Be Granted Leave to Amend.

Courts give special consideration to pro se litigants requesting leave to amend a complaint. "Courts are particularly reluctant to deny leave to amend to pro se litigants." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002). In particular, "[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dept. of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## IV. CONCLUSION

Based on the above reasons, this Court should grant Plaintiff's motion.

DATED: 11/16/2023 By: ______________________
(sign)

JOHN-MICHAEL GUTIERREZ
(print name)

Plaintiff in Pro Per