UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JMCG SYSTEMS INTERNATIONAL LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 23-cv-05990-LB <br><br> **SCREENING ORDER** <br><br> Re: ECF No. 1 |

**INTRODUCTION AND STATEMENT**

The plaintiff John-Michael Gutierrez, who represents himself and is proceeding in forma pauperis, sued the California Department of Justice, the California "Governor's Office," and the "State of California." There is a second plaintiff, JMCG Systems International LLC (presumably the plaintiff's company). The plaintiff describes himself as a qui tam relator suing on behalf of the United States, and in the body of the complaint he identifies additional defendants: the FBI, the Santa Maria Police Department, the Santa Barbara County Sheriff's Department, the San Luis Obispo County Sheriff's Department, "and their informants and co-conspirators." The plaintiff asserts one claim under the False Claims Act.[1]

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 23-cv-05990-LB

Beyond that, the complaint does not explain much about what happened. The plaintiff alleges that certain sensitive discovery materials will be involved which will require certain procedures.[2] He also alleges that the California Department of Justice has "[de]frauded and extort[ed] business materials for profit and political bias with politicians that are known."[3] The plaintiff also attached a criminal complaint to his complaint with the caption United States v. Department of Justice. In that complaint he alleges that the California Department of Justice "violate[d] the current [sensitive compartmented information] program [the plaintiff] is involved in." The rest of this complaint is largely illegible.[4]

The plaintiff also filed an ex parte application for civil penalties and other relief, and this document has more allegations. In 2014, the plaintiff incorporated his LLC in Delaware. At some point, the California Department of Justice and/or police officers in the state got access to his email accounts associated with his business and monitored them. Over a period of eight years, the defendants allegedly illegally downloaded the plaintiff's "works" and committed "financial crimes including market manipulation" using those works. "The purpose of the financial scheme was to intentionally defraud the [plaintiff's] business through theft and to cause economic losses throughout the United States by concealing and [falsifying] the plaintiff's business literature." This document (unlike the complaint) asks for injunctive relief including the dissolution of various entities.[5]

The court has federal-question jurisdiction. 28 U.S.C. § 1331. The plaintiff consented to magistrate-judge jurisdiction.[6] *Id.* § 636(c).

Before authorizing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court issues this screening order to identify the complaint's deficiencies: the plaintiff has not explained enough

---

[2] *Id.* at 4.

[3] *Id.* at 5.

[4] Criminal Compl. – ECF No. 1 at 8.

[5] Ex Parte Appl. – ECF No. 7.

[6] Consent – ECF No. 11.

about what happened, he cannot proceed pro se on his current claim, and some of the defendants have sovereign immunity. The plaintiff may file an amended complaint by February 26, 2024. If he does not, the court may recommend dismissal of the complaint.

## STANDARD OF REVIEW

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis

complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*,

413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

First, the complaint does not explain enough about what happened. If he files an amended complaint, the plaintiff should elaborate on the alleged fraud and extortion.

Second, "a pro se plaintiff . . . is not entitled to prosecute a False Claims Act violation on behalf of the government." *Woodall v. Wells Fargo & Co.*, No. 15-cv-05347-JST, 2016 WL 4539499, at *3 (N.D. Cal. Aug. 30, 2016); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) ("The United States is the real party in interest in any False Claims Act suit, even when it permits a qui tam relator to pursue the action on its behalf.") (cleaned up). Also, the plaintiff "cannot proceed pro se on behalf of [his] LLC." *Ridgeline Tactical LLC v. Bureau of Alcohol Tobacco & Firearms*, No. 23-cv-00060-DMS-JLB, 2023 WL 5600104, at *2 (S.D. Cal. Aug. 28, 2023)

Third, even if the plaintiff were to obtain counsel, some of the defendants have Eleventh Amendment immunity. The Eleventh Amendment bars a lawsuit against a state or its agencies absent the state's consent or abrogation of immunity by Congress. *Papasan v. Allain*, 478 U.S. 265, 276–77 (1986). The Eleventh Amendment also "bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity." *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 645 (N.D. Cal. 2007). It does not bar a claim against state officials in their official capacity for prospective relief. *Id.* Claims for prospective relief seek to end a "continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). In contrast, retrospective relief involves "compensatory or deterrence interests." *Id*.

Similarly, "[s]tates and their agencies have Eleventh Amendment sovereign immunity against False Claims Act claims." *United States ex rel. Smith v. Peters*, No. 2:14-cv-01982-SU, 2018 WL

4441520, at *5 (D. Or. May 3, 2018) (citing *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1122 (9th Cir. 2007)), *R. & R. adopted*, *United States v. Smith*, No. 2:14-cv-01982-SU, 2018 WL 4409378 (D. Or. Sept. 14, 2018). Moreover, "[c]ourts have interpreted 'person' under the False Claims Act as excluding states and state agencies, which are thus not subject to liability in a qui tam suit." *Id.* (citing *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787–88 (2000)). Regarding state employees, "[t]o maintain a personal capacity suit against a state employee, relators must plead that an individual defendant presented a false claim to the government for payment." *Id.* (citing *Stoner*, 502 F.3d at 1124). "A state employee may be sued in an individual capacity under the False Claims Act for actions taken in the course of official duties." *Id.* (citing *Stoner*, 502 F.3d at 1125).

Based on the foregoing, the following defendants have Eleventh Amendment immunity: the California Department of Justice, the California "Governor's Office," and the "State of California." On the other hand, "[c]ounty sheriff's offices do not enjoy Eleventh Amendment immunity." *Gee v. Dell'Ara*, No. C 09-01366 MHP, 2009 WL 10736338, at *15 (N.D. Cal. Aug. 14, 2009). The same is true of city police departments. *See, e.g.*, *Lugo v. City of Redondo Beach*, No. CV2201826JAKDFM, 2022 WL 17078890, at *6 (C.D. Cal. Sept. 1, 2022).

In sum, if the plaintiff files an amended complaint, he should explain more about what happened and he cannot assert a False Claims Act claim if he is not represented by a lawyer.

## CONCLUSION

The plaintiff may amend his complaint by February 26, 2024. Alternatively, and again by February 26, 2024, the plaintiff may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If the plaintiff does neither, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

Dated: January 30, 2024

_____
LAUREL BEELER
United States Magistrate Judge